UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MATTHEW KLEIN,

    Plaintiff,                                                                 CASE NO.

v.

NATIONWIDE CREDIT, INC.,

    Defendant.
_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MATTHEW KLEIN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONWIDE CREDIT, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Punta Gorda, Charlotte County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a corporation with a business office located in Kennesaw, Georgia.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant contacts Plaintiff seeking payment for an alleged debt with a Costco American Express Credit Card.

12. The amount of the alleged debt that Defendant claims Plaintiff owes is seven-thousand seven hundred four dollars and twenty-four cents ($7,704.24).

13. Defendant constantly and continuously places collection calls to Plaintiff seeking payment for the alleged debt.

14. Defendant contacts Plaintiff from telephone numbers (770) 612-7070, (770) 612-7399 and (770) 612-7398, multiple times a day, several times per week, seeking payment for the alleged debt.  (See Exhibit A)

15. Defendant tells Plaintiff to call back telephone number (877) 779-3472.

16. Plaintiff's reference number for Defendant is 10244100979.

17. Defendant's representative was rude and unprofessional with Plaintiff as the manager for Defendant told Plaintiff "You owe the debt and you need to make arrangements to pay!"

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff; and

   b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Any other relief that this court deems to be just and proper.

                RESPECTFULLY SUBMITTED,

By:   /s/ James Pacitti
      James Pacitti
      Krohn & Moss, Ltd
      10474 Santa Monica Blvd., Suite 401
      Los Angeles, CA 90025
      Phone: (323) 988-2400 x 230
      Fax: (866) 385-1408
      jpacitti@consumerlawcenter.com
      Attorney for Plaintiff
      FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MATTHEW KLEIN hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, MATTHEW KLEIN, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MATTHEW KLEIN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9·23·10

_____
MATTHEW KLEIN,
Plaintiff

# EXHIBIT A







